PETITION OF FOLSOM *et al.* TO VACATE AN ASSESSMENT.

*Assessments — validity of — New York city — street pavement — publication of notice.*

Avenue B, in the city of New York, was paved under a resolution ordinance of the common council. Such ordinance was properly published according to law. The assessment for paving was never confirmed by the common council, but was confirmed by the board of revision and correction of assessments, created by Laws of 1861, chap. 308. Notice of the assessment was not published in strict accordance with Laws of 1841, chapter 171, § 1, although it was published in a large number of city newspapers; *Held* (INGRAHAM, P. J., dissenting), that by the proper publication of the resolution ordinance, which publication was a mandatory requirement of the statute, general jurisdiction of the subject-matter was acquired. All subsequent provisions of the statute relating to the form or manner of execution, or incident thereto, are directory, and in this class are the provisions relating to the publication in question, and the assessment was valid.

*In re Addison Smith,* 52 N. Y. 526, explained and distinguished.

APPEAL from the order of Mr. Justice FANCHER, made at chambers, May 22, 1873, denying the prayer of the petitioners to vacate an assessment for paving Avenue B, in the city of New York, with Belgian pavement. The petitioners object that the assessment was never confirmed by the common council, but was confirmed by the board of revision and correction of assessments created by chapter 308, Laws of 1861; also, that no designation of corporation newspapers was ever made by the mayor and comptroller under section 1 of chapter 383 of the Laws of 1870, and that no notice of the assessors as to the assessments, etc., was published in accordance with section 1 of chapter 171, Laws of 1841, or as required by law.

*Porter, West & Deering,* for appellants. The section cited of act of 1870 is mandatory. *In re Addison Smith,* 52 N. Y. 526 ; *Adriance* v. *McCafferty,* 2 Rob. 153 ; *In re Astor,* 50 N. Y. 363. Taken in connection with act of 1841, a failure to comply with such section is fatal to the assessment. 5 Mich. 104; 14 Ill. 223; *Westfall* v. *Preston,* 7 Alb. L. J. 154 ; *Corwin* v. *Merritt,* 3 Barb. 341. Chap. 308 of Laws of 1861, so far as it creates the board of revision, is unconstitutional. *People* v. *O'Brien,* 38 N. Y. 193 ; *Huber* v. *People,* 49 id. 132.

*E. Delafield Smith,* counsel to the corporation, for respondents.

BARRETT, J. I think this case is distinguishable from that of *In re Addison Smith*, 52 N. Y. 526, in several particulars:

1. In the first place, general jurisdiction of the subject-matter was here acquired by the proper publication of the resolution ordinance.

It was because such jurisdiction was never acquired, by reason of the failure to publish such resolution according to law, that the assessment in the case of *Addison Smith* was vacated. The previous publication of the resolution ordinance is the essence of the thing required to be done. It is that which is mandatory.

Jurisdiction having been thereby acquired, all subsequent provisions of the statute relating to the form or manner of execution, or incident thereto, are directory. In this class are the provisions relating to the publication in question.

2. Again, the provisions of the city charter, which were the subject of consideration in the case of *Addison Smith*, are prohibitory in terms. The passage of such resolutions are thereby expressly prohibited, unless previously published, according to its requirements. The section of the act of 1841 which is now invoked (Laws of 1841, chap. 171, § 1) contains no such prohibition. It simply makes it the duty of the commissioners and assessors to give the parties interested notice of the completion of the estimate and assessment, and then specifies the mode of publication.

3. The petitioners were not prejudiced, in fact. The publication was actually made ten times in ten daily, and four times in five weekly, newspapers in this city. The petitioners do not pretend that they did not observe any one of such publications, nor that they were deprived, by want of actual notice, of the opportunity of presenting any objections which they had to the estimates or assessments. They simply seek, upon a pure technicality, and without any real grievance, to throw the burden which they ought to bear upon the general tax payers, and upon the city at large.

I think the order refusing to vacate this assessment should be affirmed, with costs.

BRADY, J., concurred.

INGRAHAM, P. J., dissenting. The late decision of the court of appeals (*In re Addison Smith*) sustains the position that if the officers directed to designate papers in which the proceedings are to

be published neglect to do so, it is fatal to any proceeding in which such publication is required by law. The general course of decisions on similar questions in that court tends to show that in all such cases the court considers the publication to be mandatory, and the omission to publish to be a jurisdictional defect. We have, on several occasions, attempted to draw a distinction in some of these cases; but our decisions have been reversed, and we see no other course to adopt than to hold that such omission to advertise is fatal to the proceedings.

In the present case it is conceded that the designation of papers was not made, and it is attempted to sustain the proceeding by publication in papers designated in former years. Under the decisions, we think this cannot be done.

Order must be reversed, and order entered vacating assessment.

*Order affirmed.*